UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 1:04-cr-36 |
| v. ) | Judge Edgar |
| ) | |
| TERRY PENNEY, also known as "Terry Penny," ) | |
| GEORGE HENDRICKS also known as "Buddy," ) | |
| ED BROWN, ) | |
| VIVIAN TROY COOK, ) | |
| CHARLES HENDRICKS, ) | |
| JOSEPH HENDRICKS, ) | |
| RANDALL DYER, ) | |
| JUANITA PETTYJOHN, ) | |
| ANGELA LYNN McCORMICK, ) | |
| DAVOTA BOWMAN, and ) | |
| WILLIAM NORTH, also known as "Cotton" ) | |

## **MEMORANDUM AND ORDER**

Defendant Terry Eugene Penney ("Penney") moves pursuant to FED. R. CRIM. P. 14(a) to sever Counts 20 - 25 of the second superseding indictment for trial. [Court Doc. No. 162].

Even though the joinder of offenses is appropriate under FED. R. CRIM. P. 8(a), the Court in its discretion may order separate trials on different counts pursuant to FED. R. CRIM. P. 14(a) if it appears the defendant is prejudiced by the joinder of offenses. *United States v.* Cope, 312 F.3d 757, 781 (6th Cir. 2002). The Court balances the public interest in speedy, efficient trials that conserve judicial resources against Penney's interest in obtaining a fair trial. *United States v. Graham*, 275 F.3d 490, 513 (6th Cir. 2001); *United States v. Wirsing*, 719 F.2d 859, 864-65 (6th Cir. 1983).

After reviewing the record, the Court concludes that Penney has failed to show that a severance of counts is necessary to prevent undue prejudice at trial. The Court is not persuaded that

-1-

Penney will suffer undue prejudice that outweighs the public interest in promoting judicial economy. It will not be difficult for the jury to compartmentalize and distinguish the particular evidence concerning each of the offenses charged against Penney.

The Court can give limiting instructions to the jury. A jury is presumed capable of giving separate consideration to each count, and any potential prejudice from joinder of offenses may be minimized or cured by a limiting instruction to the jury. *United States v. Cline,* 362 F.3d 343, 349-50 (6th Cir. 2004); *Cope*, 312 F.3d at 781; *United States v. Chavis,* 296 F.3d 450, 461-62 (6th Cir. 2002); *United States v. Jacobs*, 244 F.3d 503, 507 (6th Cir. 2001); *United States v. Rugiero*, 20 F.3d 1387, 1391 (6th Cir. 1994); *see also Zafiro v. United States*, 506 U.S. 534, 539 (1993) (A trial court's use of limiting jury instruction may cure such prejudice); *United States v. Frost*, 125 F.3d 346, 391 (6th Cir. 1997). The jury is presumed to follow and apply limiting instructions.

Accordingly, for the reasons expressed by the government in its response [Court Doc. No. 166], defendant Penney's motion for severance of counts under Rule 14(a) [Court Doc. No. 162] is **DENIED**.

SO ORDERED.

ENTER this *18th day of July, 2005*.

                                         */s/ R. Allan Edgar*
                                         R. ALLAN EDGAR
                             CHIEF UNITED STATES DISTRICT JUDGE